UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **Horatio D. Dudley,** | ) |
| *Plaintiff,* | ) ) |
| v. | ) Civil Action No.: 3:10-cv-930 |
| | ) Plaintiff Demands Trial by Jury |
| | ) |
| **HSBC Bank Nevada, N.A.**, a foreign company, | ) |
| **Calvary Portfolio Services, LLP**, a foreign | ) |
| limited liability partnership, and | ) |
| **Bronson, Cawley & Bergmann, LLP**, a foreign | ) |
| limited liability partnership, | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and, in addition, state of Alabama common law claims for negligence, breach of contract, invasion of privacy, harassment, negligent hiring, and fraud (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C.§ 1681, and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendants' transact business and the conduct complained of occurred in Lee County, Alabama.

## III. PARTIES

3. Plaintiff Horatio Dudley (hereinafter, "Plaintiff") is a natural person of the age of majority and residing in Lee County, Alabama. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant HSBC Bank Nevada, N.A. (hereinafter, "Defendant" or "HSBC") is a corporation engaged in the business of furnishing credit to consumers residing within the state of Alabama.

5. Defendant Calvary Portfolio Services, LLP (hereinafter, "Defendant" or "Calvary") is a limited liability partnership engaged in the business of collecting consumer debts in the state of Alabama. The principal purpose of Calvary is the collection of such debts using the mails and telephone. Calvary regularly attempts to collect debts alleged to be due another. Calvary is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Code of Alabama, §40-12-80.

6. Defendant Bronson, Cawley & Bergmann, LLP (hereinafter, "Defendant" or "Bronson") is a limited liability partnership engaged in the business fo collecting consumer debts in the state of Alabama. The principal purpose of Bronson is the collection of such debts using the mails and telephone. Bronson regularly attempts to collect debts alleged to be due another. Bronson is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Code of Alabama, §40-12-80.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

8. On November 16, 2009, HSBC filed a lawsuit against Plaintiff in the District Court of Lee

County, Alabama identified therein with case number DV-09-776. HSBC alleged that Plaintiff was indebted to HSBC in the amount of $5,142.67 on account number ending in 0484 excluding interest and attorney's fees.

9. In full settlement thereof, HSBC, by and through its then-attorney employed by Zarzaur & Schwartz, P.C. in Birmingham, Alabama, agreed to accept a certain reduced amount in three (3) monthly installment payments. In accordance with the terms of settlement, Plaintiff remitted and HSBC accepted Plaintiff's payments, including the final payment on March 5, 2010.

10. As a result of Plaintiff's performance under the terms of the settlement agreement, on March 18, 2010, HSBC, by and through its aforesaid counsel, filed or caused to be filed a Motion to Dismiss with prejudice the aforesaid lawsuit which was granted the same day.

11. Notwithstanding, in or around September, 2010, Plaintiff was contacted by Holloway and Moxley, P.C., a debt collection law firm located in Montgomery, Alabama, regarding an alleged indebtedness on this same account. Holloway and Moxely, P.C. was attempting to collect the difference between the alleged original indebtedness and the amount Plaintiff previously remitted in full satisfaction thereof.

12. Subsequent to Plaintiff's dispute of such balance, Holloway and Moxley, P.C. immediately and voluntarily refrained from any and all further collection activity on the subject account.

13. Despite HSBC's knowledge that the account had been settled, HSBC assigned, consigned, sold or otherwise transferred Plaintiff's account to Calvary for the purpose of collection.

14. Immediately thereafter, Calvary engaged the services of Bronson, a debt collection law firm located in Williamsville, New York, for the sole purpose of collecting upon such alleged

indebtedness.

15. On or around October 19, 2010, at approximately 11:40 a.m. Eastern Standard Time, Chris Plummer, a representative of Bronson, contacted Plaintiff stating that Bronson had been retained by Calvary to collect upon an alleged indebtedness Calvary recently purchased from HSBC.

16. Furthermore, Plummer, with a threatening and hostile demeanor, represented to Plaintiff that, in the event a payment was not remitted or scheduled to be remitted by the end of the month, a debt collection lawsuit would be immediately filed against Plaintiff. Plaintiff was then transferred to Jay Conlon, also a representative of Bronson, who reiterated to Plaintiff that a suit would in fact be "filed in court" if payment arrangements were not finalized.

17. Subsequent to the aforesaid conversations, Plaintiff received written correspondence from Bronson and, in review thereof, discovered that Bronson was attempting to collect upon an account that had previously been settled.

18. On or around October 20, 2010, Plaintiff contacted Conlon at approximately 11:00 a.m. Eastern Standard Time and advised that Plummer had retained the undersigned counsel for representation with this matter, that the subject account had previously been settled and, in addition, that Plaintiff had copies of the judicial documents corroborating such settlement.

19. Nevertheless, in his typical hostile and threatening demeanor, Plummer advised Plaintiff that the account was in fact legitimate and that Bronson, on behalf of Calvary, would diligently pursue collection of such alleged indebtedness.

20. In addition to Plaintiff's multiple telephone calls, on or around October 20, 2010 Plaintiff sent an email to Jay Conlon, a representative of Bronson, disputing the validity of the debt

and, in addition, demanding that any and all account information previously provided to Bronson immediately be destroyed. Within such email, Plaintiff requested confirmation that Conlon had spoken with the undersigned regarding the alleged indebtedness.

20. Notably, despite Bronson's multiple attempts to collect upon this alleged indebtedness, Bronson failed to communicate to Plaintiff that he had a right to dispute the validity of the debt, as required by the Fair Debt Collection Practices Act, until October 21, 2010. More specifically, on October 21, 2010, Jonathan P. Cawley, Esq., on behalf of Bronson, forwarded to Plaintiff written correspondence advising Plaintiff of his thirty (30) day right to dispute the validity of this alleged indebtedness.

## V. GENERALLY

21. Due to Defendants' harassing, illegal and abusive tactics, Plaintiff was forced to retain the services of an attorney to represent him in this matter.

22. The facts considered, Plaintiff assumes that Defendants will continue to pursue the alleged indebtedness and, in addition, continue to violate the FDCPA and state law.

23. As a result of the acts alleged above, Plaintiff has suffered severe distress, mental anguish, headaches, embarrassment, loss of sleep, and was forced to hire the services of an attorney.

## VI. CAUSES OF ACTION

### COUNT I - DEFENDANTS CALVARY AND BRONSON
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

25. Defendants <u>violated</u> the FDCPA. Defendant's violations include, but are not limited to, the following:

a)   Contacting Plaintiff when Defendants knew Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of such attorney's name and address in violation of 1692c(a)(2);

b)   Contacting Plaintiff after receiving oral and written demands that Defendants cease further communication with Plaintiff in violation of 1692c(c);

c)   Attempting to collect a debt not legally owed, using false and/or misleading representations, in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10);

d)   Taking illegal actions against Plaintiff in violation of 15 U.S.C. §§ 1692f(1);

e)   reporting the debt within Plaintiff's credit reports in violation of 15 U.S.C. 1692b(2), 1692e(3) and 1692e(8); and

f)   Failing to provide Plaintiff with the dispute notice required by 15 U.S.C. 1692g.

26.   As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, compensatory damages, statutory damages, punitive damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

a.   Declaratory judgment that Defendants' conduct violated the FDCPA;

b.   Actual, and punitive damages;

c.   Statutory damages pursuant to 15 U.S.C. § 1692k;

d.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

e.   For such other and further relief as the Court may deem just and proper.

### COUNT II - ALL DEFENDANTS

## NEGLIGENCE

27. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

28. Defendants had a duty to ensure that Plaintiff was indebted to HSBC prior to commencing and/or causing to be commenced collection activity against Plaintiff. Furthermore, Defendants had a duty to refrain from engaging in collection activity on a previously settled account.

29. Defendants breached said duties of care. More specifically, HSBC assigned, consigned, sold or otherwise transferred Plaintiff's previously settled account to Calvary for the sole purpose of collection thereof. Likewise, Calvary assigned, consigned, sold and/or otherwise transferred said account to Bronson for the sole purpose of collection thereof. Additionally, Calvary and Bronson have diligently attempted to collect such alleged indebtedness when Defendants knew or should have known that Plaintiff was no longer indebted to HSBC.

30. As a proximate consequence of Defendants' negligence, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

    a. actual damages;

    b. compensatory damages; and,

    c. For such other and further relief as the Court may deem just and proper.

### COUNT III - DEFENDANT HSBC
### BREACH OF CONTRACT

31. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

32. As stated hereinabove, Plaintiff and HSBC entered into an agreement whereby HSBC agreed to accept a certain reduced sum as settlement in full of Plaintiff's indebtedness to HSBC.

33. Plaintiff fulfilled his obligations under the terms of the agreement. More specifically, Plaintiff remitted to HSBC the full amount identified within said agreement.

34. Notwithstanding HSBC's acceptance thereof, HSBC failed and/or refused to completely satisfy such alleged indebtedness and, disturbingly, assigned, conveyed, sold or otherwise transferred such account to Calvary, a debt collector.

35. HSBC acted wilfully and maliciously with the intent to injure Plaintiff.

36. As a proximate consequence thereof, Plaintiff has been deprived of the benefit to which he was entitled under the agreement.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

    a. Actual and compensatory damages;

    b. Punitive damages; and,

    c. For such other and further relief as the Court may deem just and proper.

### COUNT IV - DEFENDANT HSBC
### FRAUD

37. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

38. HSBC represented to Plaintiff that, upon receipt of payment in the amount stated within the settlement agreement, HSBC would close such account and identity the same as settled in full.

39. HSBC intended for Plaintiff to rely upon such fraudulent representations. In fact, Plaintiff relied upon HSBC's representations and, because he has remitted a substantial sum in settlement of the account, such reliance has been to Plaintiff's detriment.

40. As a direct and proximate consequence of HSBC's misrepresentations, Plaintiff has been humiliated, embarrassed, emotionally distressed, suffered loss of sleep, lost money and, in addition, forced to hire the services of an attorney to defend this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

    a. Actual and compensatory damages;

    b. Punitive or exemplary damages; and

    c. Such other and further relief as this Court may deem just and proper.

### COUNT V - DEFENDANTS CALVARY AND BRONSON
### HARASSMENT

41. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

42. As stated hereinabove, Defendants repeatedly contacted Plaintiff via telephone and written correspondence, in an attempt to collect upon the subject account. Such communications occurred after a) Plaintiff disputed the validity of such alleged indebtedness, b) Plaintiff advised Defendants that he had retained the undersigned counsel for legal representation and, in addition, c) Plaintiff demanded that Defendants cease and desist any and all further communication regarding such alleged indebtedness.

43. By virtue of Defendants' knowledge of the allegations contained with paragraph forty-two (42) hereof, Defendants' harassing communications to Plaintiff were willful, intentional and

malicious with the intent to injure Plaintiff.

44. As a direct and proximate consequence of Defendants' harassment, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

    a.    actual damages;

    b.    compensatory and punitive damages; and,

    c.    for such other and further relief as the Court may deem just and proper.

### COUNT VI - DEFENDANTS CALVARY AND BRONSON
### INVASION OF PRIVACY

45. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

46. As stated hereinabove, Defendants illegally and repeatedly intruded upon the seclusion and solitude of Plaintiff.

47. Defendants' invasion of Plaintiff's privacy was willful, intentional and malicious with the intent to injure Plaintiff.

48. As a direct and proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

    a.    actual damages;

    b.    compensatory and punitive damages; and,

    c.    for such other and further relief as the Court may deem just and proper.

## COUNT VII - ALL DEFENDANTS
## NEGLIGENT HIRING, SUPERVISION, AND/OR TRAINING

49. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

50. Defendants were negligent or wanton in the hiring, supervision and/or training of their agents and/or employees.

51. The agents and/or employees of Defendants, while acting in furtherance and in the line and scope of each individual's agency or employment, were incompetent to perform the requisite duties and, furthermore, Defendants knew or should have known of such incompetence.

52. As a result thereof, Defendants have engaged in, or caused others to engage in, conduct that constitutes collection activity upon an account that has been settled.

53. As a direct and proximate consequence of Defendants' negligent hiring, supervision and training, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

    a.    actual damages;

    b.    compensatory and punitive damages; and,

    c.    for such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this the ___ day of October, 2010.

/s/ Anthony B. Bush
Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
**Lewis, Bush & Faulk, LLC**
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Phone:(334) 263-7733
Facsimile:(334) 832-4390
Bar Id. #:  ASB-7306-A54B

**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**HSBC Bank Nevada, N.A.**
1111 North Town Center Drive
Las Vegas, NV 89144

**Calvary Portfolio Services, LLC**
7 Skyline Drive
Hawthorne, NY 10532

**Bronson, Cawley & Bergmann, LLP**
415 Lawrence Bell Drive
Williamsville NY 14221
(888) 990-8100