# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| HORATIO D. DUDLEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 3:10-cv-00930-TFM |
| ) | |
| HSBC BANK NEVADA, N.A.; ) | |
| CALVARY PORTFOLIO ) | |
| SERVICES; BRONSON, CAWLEY ) | |
| & BERGMANN, LLP, ) | |
| ) | |
|     Defendants. ) | |

## DEFENDANT BRONSON, CAWLEY, & BERGMANN, LLP'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Bronson, Cawley & Bergmann, LLP currently known as Cawley & Bergmann, LLP (referred to hereinafter as "Cawley") and in response Plaintiff's Complaint, and each and every paragraph thereof sets out the following Answers and Affirmative Defenses.

### I. INTRODUCTION

1. Defendant Cawley admits that the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and, that the State of Alabama allows common law claims of negligence, breach of contract,

invasion of privacy, negligent hiring and fraud. Notwithstanding the foregoing admissions, Defendant Cawley denies that any actions taken by it violate the FDCPA or any common laws of the State of Alabama. All other material allegations contained in Paragraph 1 of the Complaint are denied.

## II. JURISDICTION AND VENUE

2. Defendant Cawley admits that this Court has jurisdiction for claims made pursuant to the statutes stated by Plaintiff in Paragraph 2 of the Complaint. Defendant Cawley admits that it contacted the Plaintiff who is believed to reside in Lee County, Alabama. Defendant Cawley denies any violation of any of the statutes set forth in Paragraph 2 of the Complaint or that the Plaintiff is entitled to any declaratory relief against Defendant Cawley. Further, Defendant Cawley denies any other material allegation contained in Paragraph 2 of the Complaint.

## III. PARTIES

3. Defendant Cawley is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendant Cawley is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendant Cawley is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendant Cawley admits that it is a limited liability partnership and does business in the State of Alabama and is a debt collector as defined under the FDCPA and the Code of Alabama.

## IV.   FACTUAL ALLEGATIONS

7. Defendants restate and reassert all answers and defenses raised in Paragraphs 1-6 of this Answer as if set forth herein fully.

8. Defendant Cawley has been made aware of the lawsuit filed by HSBC against the Plaintiff in the District Court of Lee County, Alabama since the filing of the instant action.

9. Defendant Cawely is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore they are denied.

10. Since the filing of the instant action, Defendant Cawley has been made aware that the Complaint filed by HSBC against the Plaintiff in the District Court of Lee County, Alabama was dismissed on or about March 18, 2010.

11. Defendant Cawley is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore they are denied.

12. Defendant Cawley is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore they are denied.

13. Defendant Cawley is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore they are denied.

14. Defendant Cawley admits that Calvary Portfolio Services, LLP retained Cawley to collect a debt of $2,553.29 on or about October 18, 2010 from Horatio D. Dudley.

15. Defendant Cawley admits that it contacted the Plaintiff concerning the indebtedness referred to it by Calvary on or about October 19, 2010.

16. Defendant Cawley admits that Plaintiff was contacted on October 19, 2010 but denies all other material allegations contained in Paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant Cawley denies the allegations contained in Paragraph 17 as stated.

18. Defendant Cawley admits that Plaintiff contacted Cawley on October 20, 2010 and denied owing the debt.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof.

20. Defendant Cawley admits that the Plaintiff sent an email to Jay Conlon on October 21, 2010, but denies all other material allegations contained in Paragraph 20 of the Complaint.

20.(sic) Defendant Cawley denies the allegations contained in Paragraph 20(sic) as stated.

## V. GENERALLY

21. Defendant Cawley denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

22. Defendant Cawley denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof

23. Defendant Cawley denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof

## VI.   CAUSES OF ACTION

### COUNT I – DEFENDANTS CALVARY AND BRONSON VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24. Defendants restate and reassert all answers and defenses raised in Paragraphs 1-23 of this Answer as if set forth herein fully.

25. Defendant Cawley denies the allegations contained in Paragraph 25 of the Complaint and all subparts thereof and demands strict proof thereof.

26. Defendant Cawley denies that it is liable to the Plaintiff for actual damages, compensatory damages, statutory damages, punitive damages, costs or attorney's fees or that the Plaintiff is entitled to any type of declaratory judgment against Defendant Cawley.

Defendant Cawley denies is entitled to any of the relief sought in the Plaintiff's Prayer for Relief following Paragraph 26 of the Complaint and demands strict proof thereof.

## COUNT II – ALL DEFENDANTS
### NEGLIGENCE

27. Defendants restate and reassert all answers and defenses raised in Paragraphs 1-26 of this Answer as if set forth herein fully.

28. Defendant Cawley denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof.

29. Defendant Cawley denies the allegations contained in Paragraph 29 of the Complaint and demands strict proof thereof.

30. Defendant Cawley denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

Defendant Cawley denies the Plaintiff is entitled to any relief in the Prayer for Relief following Paragraph 30 of the Complaint.

## COUNT III – DEFENDANT HSBC
## BREACH OF CONTRACT

31. Defendants restate and reassert all answers and defenses raised in Paragraphs 1-30 of this Answer as if set forth herein fully.

32. Paragraph 32 does not state a claim against Defendant Cawley. To the extent Plaintiff intended Paragraph 32 to state a claim against Defendant Cawley, Defendant Cawley denies the allegations contained therein.

33. Paragraph 33 does not state a claim against Defendant Cawley. To the extent Plaintiff intended Paragraph 33 to state a claim against Defendant Cawley, Defendant Cawley denies the allegations contained therein.

34. Paragraph 34 does not state a claim against Defendant Cawley. To the extent Plaintiff intended Paragraph 34 to state a claim against Defendant Cawley, Defendant Cawley denies the allegations contained therein.

35. Paragraph 35 does not state a claim against Defendant Cawley. To the extent Plaintiff intended Paragraph 35 to state a claim against Defendant Cawley, Defendant Cawley denies the allegations contained therein.

36. Paragraph 36 does not state a claim against Defendant Cawley. To the extent Plaintiff intended Paragraph 36 to state a claim against Defendant Cawley, Defendant Cawley denies the allegations contained therein.

Defendant Cawley denies the Plaintiff is entitled to any relief in the Prayer for Relief following Paragraph 36 of the Complaint.

## COUNT IV – DEFENDANT HSBC
## FRAUD

37. Defendants restate and reassert all answers and defenses raised in Paragraphs 1-36 of this Answer as if set forth herein fully.

38. Paragraph 38 does not state a claim against Defendant Cawley. To the extent Plaintiff intended Paragraph 38 to state a claim against Defendant Cawley, Defendant Cawley denies the allegations contained therein.

39. Paragraph 39 does not state a claim against Defendant Cawley. To the extent Plaintiff intended Paragraph 39 to state a claim against Defendant Cawley, Defendant Cawley denies the allegations contained therein.

40. Paragraph 40 does not state a claim against Defendant Cawley. To the extent Plaintiff intended Paragraph 40 to state a claim against Defendant Cawley, Defendant Cawley denies the allegations contained therein.

Defendant Cawley denies the Plaintiff is entitled to any relief in the Prayer for Relief following Paragraph 40 of the Complaint.

## COUNT V – DEFENDANTS CALVARY AND BRONSON
## HARASSMENT

41. Defendants restate and reassert all answers and defenses raised in Paragraphs 1-40 of this Answer as if set forth herein fully.

42. Defendant Cawley denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43. Defendant Cawley denies the allegations contained in Paragraph 43 of the Complaint and demands strict proof thereof.

44. Defendant Cawley denies the allegations contained in Paragraph 44 of the Complaint and demands strict proof thereof.

Defendant Cawley denies the Plaintiff is entitled to any relief in the Prayer for Relief following Paragraph 44 of the Complaint.

## COUNT VI – DEFENDANTS CALVARY AND BRONSON
## INVASION OF PRIVACY

45. Defendants restate and reassert all answers and defenses raised in Paragraphs 1-44 of this Answer as if set forth herein fully.

46. Defendant Cawley denies the allegations contained in Paragraph 46 of the Complaint and demands strict proof thereof.

47. Defendant Cawley denies the allegations contained in Paragraph 47 of the Complaint and demands strict proof thereof.

48. Defendant Cawley denies the allegations contained in Paragraph 48 of the Complaint and demands strict proof thereof.

Defendant Cawley denies the Plaintiff is entitled to any relief in the Prayer for Relief following Paragraph 48 of the Complaint.

## COUNT VII – ALL DEFENDANTS
## NEGLIGENT HIRING, SUPERVISION, AND/OR TRAINING

49. Defendants restate and reassert all answers and defenses raised in Paragraphs 1-48 of this Answer as if set forth herein fully.

50. Defendant Cawley denies the allegations contained in Paragraph 50 of the Complaint and demands strict proof thereof.

51. Defendant Cawley denies the allegations contained in Paragraph 51 of the Complaint and demands strict proof thereof.

52. Defendant Cawley denies the allegations contained in Paragraph 52 of the Complaint and demands strict proof thereof.

53. Defendant Cawley denies the allegations contained in Paragraph 53 of the Complaint and demands strict proof thereof.

Defendant Cawley denies the Plaintiff is entitled to any relief in the Prayer for Relief following Paragraph 53 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Cawley upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Cawley is not guilty of the matters set forth in the Plaintiff's Complaint and demands strict proof thereof.

### THIRD AFFIRMATIVE DEFENSE

The damages asserted on behalf of the Plaintiff is a result of an intervening and/or superseding cause.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages for mental anguish and emotional distress, Cawley asserts damages for mental anguish and emotional distress are not recoverable under the Fair Debt Collection Practices Act.

### FIFTH AFFIRMATIVE DEFENSE

Cawley pleads the FDCPA Bona Fide Error defense under 15 U.S.C. § 1692(k)(c).

### SIXTH AFFIRMATIVE DEFENSE

Cawley avers the Plaintiff has brought this action in bad faith and pursuant to 15 U.S.C. § 1692(k)(a)(3) and Cawley is entitled to attorney's fees reasonably expended and the cost of this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because of comparative and/or contributory negligence.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches, waiver and estoppel.

## TENTH AFFIRMATIVE DEFENSE

Cawley pleads the defense of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that a violation of the Fair Debt Collection Practices Act is established, any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRTEENTH AFFIRMATIVE DEFENSE

Cawley denies that the Plaintiff was injured to the nature and extent claimed and contests damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is vague and indefinite and does not apprise Cawley of what it is called upon to defend against.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's common law and/or state law claims are barred and/or preempted by federal law.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against Cawley are barred by estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Cawley did not participate in, authorize, ratify, and/or derive benefit from the alleged wrongful acts set forth in the Plaintiff's Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages under the Federal Code or the Code of Alabama.

### NINETEENTH AFFIRMATIVE DEFENSE

1. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 6 of the Constitution of Alabama, on the following grounds:

   (a) It is violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United Sates Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   (b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   (c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process and Equal

   Protection Clauses of the Fourteenth Amendment of the United States Constitution;

 (d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

 (e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

 (f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

 (g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred;

 (h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2. Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

 (a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

    (c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    (d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

    (e)    The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3. Plaintiff's attempt to impose punitive or extra contractual damages on Defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4. The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5. The award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Alabama Code, Section 27-1-17 (1975), in violation of the

Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6, of the Alabama Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

This Defendant reserves the right to amend the Answer to raise any claims and/or additional defenses that may become available during the discovery process.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Cawley pleads any other matter constituting an avoidance or affirmative defense not specifically set forth herein and specifically reserves the right to amend this Answer to include any and all such affirmative defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by the doctrine of acquiescence and consent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the allegations against Cawley.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant is not liable for the acts or omissions of third-parties for whom and over whom Defendant has no responsibility or control and for which Defendant may not be held liable.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of recoupment and/or setoff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent not listed above, Defendant hereby incorporates all Affirmative Defenses set out in Alabama Rules of Civil Procedure 8(c) as if set forth fully herein.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads the absolute defense of truth.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Cawley reserves the right to assert other defenses and claims if and when they become appropriate during this action and specifically denies any allegations contained in the Plaintiff's Complaint which were not expressly admitted.

WHEREFORE, Defendant, Bronson, Cawley & Bergmann, LLP requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

/s/ Laura C. Nettles
Laura C. Nettles (ASB-5805-S63L)
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone: 205.967.8822
Facsimile: 205.967.2380
Email: lnettles@lgwmlaw.com

Attorney for Defendant Bronson, Cawley & Bergmann, LLP

## CERTIFICATE OF SERVICE

I hereby certify that on **December 3, 2010**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Anthony Brian Bush
**Lewis, Bush** & **Faulk, LLC**
400 South Union Street, Suite 230
Montgomery, Alabama 36104

I certify that the foregoing was placed in the United States Mail, properly addressed, and postage pre-paid to the following:

**HSBC Bank Nevada, N.A.**
1111 North Town Center Drive
Las Vegas, NV 89144

**Calvary Portfolio Services, LLC**
7 Skyline Drive
Hawthorne, NY 10532

          /s/Laura C. Nettles
          OF COUNSEL